**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Valoy S. Woods, | ) | No. CV 08-0579-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Currently pending before the Court is Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b). (Dkt. #34). Defendant has filed a Response and Plaintiff's counsel has filed a Reply. (Dkt. #36, 37).

**I. BACKGROUND**

On February 4, 2010, this Court entered an order granting Plaintiff's Motion for Attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412(d)(1)(A) ("EAJA"), in the amount of $5,210.83 for 30.2 hours of attorney work. (Dkt. #33). On April 2, 2010, Plaintiff's Attorney filed the instant Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) and subsequent Memorandum in Support of Plaintiff's Motion for Attorney Fees Under 42 U.S.C. §406(b). (Dkt. #34, 35). Defendant filed a Response to Counsel's Petition for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1)(A), in which the Commissioner states that, as "a trustee for the claimants," he

neither opposes nor assents to the requested fee. (Dkt. #36).

**II. DISCUSSION**

The court has reviewed the record before it and finds that Plaintiff's counsel is entitled to attorneys' fees pursuant to 42 U.S.C. §406(b). Section 406(b) states, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C.A. § 406(b)(1)(A). The attorneys' fees are payable from funds withheld from a claimant's past-due benefits by the Social Security Administration for work performed by the claimant's counsel before the district court on his or her claim for Title II disability benefits under the Social Security Act.

In <u>Gisbrecht v. Barnhart</u>, the United States Supreme Court stated that a district court reviews a petition for Section 406(b) fees "as an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). Fee agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. <u>Id.</u> Within the 25 percent boundary, the attorney "must show that the fee sought is reasonable for the services rendered." <u>Id.</u> In making that determination, the district court should consider, among other things, the character of the representation and the results achieved in making its determination. <u>Id.</u> at 808. Also, a reduction in attorney fees may be warranted in certain circumstances, such as when the benefits are large in comparison to the amount of time counsel spent on the case or when the attorney is responsible for delay, so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. <u>Id.</u> See generally <u>Crawford v. Astrue</u>, 586 F.3d 1142 (9th Cir. 2009).

Here, Plaintiff's counsel seeks $8,138.90. (Dkt. #34). This amount is subject to the Equal Access to Justice Act ("EAJA") offset of $5,210.83, resulting in a net out-of-pocket

- 2 -

award of $2,928.07.[1] Counsel's attached Itemization of Services indicates that he worked approximately 30.2 hours representing Plaintiff at the district court level. (Dkt. #35, Exh. 4). This results in an average attorney fee rate of $269.50 per hour ($8,138.90 divided by 30.2 hours). In support of his request for the full twenty-five percent of Plaintiff's award of past-due benefits, Plaintiff's counsel thoroughly addresses the legality of the agreement, the nature of the high risk of loss in Social Security disability appeals, and the proportionality of Plaintiff's award to the attorneys' fee requested.[2] The Court finds that the rate does not appear excessive, given counsel's extensive experience in Social Security disability law and his successful representation on Plaintiff's behalf. Accordingly, the Court also finds that counsel has met his burden of "proving that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

Further, it does not appear that Plaintiff's counsel attempted to cause any delays in order to increase the accrued amount of past-due benefits nor that counsel's representation was substandard. On the contrary, Plaintiff's counsel was entirely successful in providing Plaintiff with the relief sought. In light of the contingency fee agreement – by which Plaintiff agreed to pay counsel up to 25% of any past-due benefits that counsel recovered on appeal – and "the reasonableness factors noted in Gisbrecht, including the attorney's risk of loss, the nature and character of the representation, future benefits accruing to the petitioner from

---

[1] As mentioned above, this Court previously awarded Plaintiff's counsel $5,210.83 in attorneys' fees pursuant to EAJA, which was enacted to "eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government." Scarborough v. Principi, 541 U.S. 401, 406 (citing H.R.Rep. No. 96-1005, p.9). The 1985 amendments to the EAJA, moreover, instruct a claimant's attorney to refund the smaller fee received when the attorney has received fees for the same work under both the EAJA and 42 U.S.C. § 406(b). Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 183. Therefore, an award of fees under 42 U.S.C. § 406(b) obligates Plaintiff's counsel to refund the previously-awarded fee under the EAJA.

[2] The Commissioner does not dispute that Plaintiff is entitled to approximately $35,184.80 and that, under Plaintiff's counsel's approximation, $8,138.90 is twenty-five percent of Plaintiff's past-due benefits. (Dkt. #36).

1 | counsel's work, delays caused by counsel and other uncertainties," Black v. Astrue, 229
2 | Fed.Appx. 515, 517 (9th Cir. 2007), the Court finds the amount sought to be reasonable.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b). (Dkt. #34). Plaintiff's counsel is awarded attorney's fees in the amount of $8,138.90.

**IT IS FURTHER ORDERED** directing Plaintiff's counsel, after receipt of the awarded fee, to refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act, in the amount of $5,210.83.

DATED this 25th day of June, 2010.

_____
Mary H. Murguia
United States District Judge